UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALONZO QUEMA, individually and on behalf of all others similarly situated,<br><br>v.<br><br>FU FU CAFE, INC. | Case No.: 4:18-cv-371<br>FLSA Collective Action |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1. Defendant Fu Fu Cafe, Inc. failed to pay minimum wage and overtime compensation to their kitchen workers, including Plaintiff Alonzo Quema, as required by the Fair Labor Standards Act ("FLSA"). Instead, Fu Fu paid Quema and his coworkers a salary so low that their weekly pay did not cover the minimum wage and overtime pay required by the FLSA. Further, Fu Fu paid Quema and his coworkers less than the minimum wage required under the Texas Minimum Wage Act ("TMWA"). Accordingly, Quema brings this action on behalf of themselves and other similarly situated kitchen workers to recover unpaid minimum wages, overtime pay, and other damages.

### JURISDICTION AND VENUE

2. This Court has jurisdiction because Quema's claims arise under federal law. This Court also has supplemental jurisdiction over Quema's claim for unpaid minimum wages under the TMWA because Quema's claims for unpaid minimum wages under state law are part of the same case or controversy as their claims for unpaid minimum wages under federal law.

3. Venue is proper because Fu Fu resides in this District and a substantial part of the acts and omissions giving rise to Quema's claims occurred in this District.

## THE PARTIES

4. Quema was employed by Fu Fu within the meaning of the FLSA and the TMWA as a dishwasher. Quema regularly worked over forty hours per week, but was not paid minimum wage or overtime pay. Quema's consent to this action is attached as Exhibit A.

5. The putative class members are other kitchen workers employed by Fu Fu who were also paid a salary with no overtime pay. The putative class members performed job duties similar to Quema, including cleaning, preparing food, and washing dishes.

6. Fu Fu Cafe, Inc. employed Quema and the putative class members within the meaning of the FLSA and the TMWA.

## FACTUAL ALLEGATIONS

7. Fu Fu employed Quema as a dishwasher in Fu Fu Cafe, a restaurant located in Houston, Texas.

8. Fu Fu had gross annual sales in excess of $500,000 during at least the last three years.

9. Fu Fu had two or more employees who handled, sold, or worked on goods or materials that were produced for interstate commerce, including kitchen supplies, cash registers, phones, and restaurant equipment.

10. Accordingly, Fu Fu is an enterprise engaged in commerce under the FLSA and is subject to its minimum wage and overtime provisions.

11. In the alternative, if Fu Fu is not subject to the FLSA, it is subject to the TMWA.

12. Fu Fu did not record the hours Quema and the putative class members worked.

13. Fu Fu paid Quema and the putative class members in cash.

14. Quema worked six days per week, from 11 a.m. to between 9:00 and 9:30 p.m. with a daily 30-minute lunch break. Accordingly, Quema regularly worked 57 or more hours per week.

15. Fu Fu paid Quema $750 bimonthly until about February 2017. Fu Fu paid him $800 bimonthly for the remainder of his employment.

16. Fu Fu did not pay the extra premium required by the FLSA for hours worked in excess of forty hours per week.

17. Minimum wage has been $7.25 per hour since July 24, 2009.

18. The weekly equivalent of Quema's bimonthly salary, when when divided by the number of hours he worked in the workweek, resulted in wages that were below the minimum wage of $7.25 required by the FLSA and the TMWA.

19. Further, Fu Fu did not pay hours Quema worked over forty in any workweek at one and one-half times his regular rate.

20. Fu Fu knew Quema worked over forty hours per week.

21. Fu Fu knew that Quema's salary, when reduced to its hourly equivalent, was less than minimum wage.

22. Fu Fu knew Quema was not paid overtime at time and one-half his regular rate of pay.

23. Fu Fu knew or showed reckless disregard for whether its payroll practices violated the minimum wage and overtime provisions of the FLSA. Accordingly, Fu Fu willfully violated the FLSA's minimum wage and overtime provisions.

COLLECTIVE ACTION ALLEGATIONS

24. Fu Fu also employed other kitchen workers similarly situated to Quema. These potential class members are similarly situated to Quema because they were denied overtime pay under the same salary payroll policy that applied to Quema as described above.

25. The putative class members, like Quema, generally worked about ten hours per day or more, six days per week. Accordingly, they also regularly worked in excess of 40 hours per week without receiving overtime pay.

26. Like Quema, the putative class members were employees that performed manual labor similar to that performed by Quema, including: cleaning, preparing food, and washing dishes. Notice of this collective action is, therefore, properly sent to:

> **All kitchen workers employed by Fu Fu Cafe, Inc. who were paid a salary and who worked over forty hours in any workweek during the last three years.**

27. The putative class members, like Quema, were also denied minimum wage in workweeks when the weekly equivalent of their bimonthly salary, divided by the number of hours they worked in the workweek, resulted in a wage less than minimum wage.

## CAUSES OF ACTION

28. Quema and the putative class members incorporate the allegations in the preceding paragraphs.

29. As set forth above, Fu Fu violated the FLSA and the TMWA by failing to pay Quema and the putative class members minimum wage. Accordingly, Quema and the putative class members are entitled to recover their unpaid minimum wages.

30. As set forth above, Fu Fu violated the FLSA by failing to pay Quema and the putative class members overtime compensation. Accordingly, Quema and the putative class members are entitled to recover their unpaid overtime.

31. Under the FLSA and the TMWA, Quema and the putative class members are entitled to an amount equal to their unpaid minimum and overtime wages as liquidated damages, as well as reasonable attorney's fees and costs.

## PRAYER

32. Wherefore, Quema and the putative class members request that this Court award them judgment against Fu Fu for:

   (a)   their unpaid minimum wages and overtime pay;

   (b)   an equal amount as liquidated damages;

(c)  reasonable attorneys' fees, costs, and expenses of this action;

(d)  post-judgment interest at the highest rate allowed by law; and

(e)  such other and further relief as may be allowed by law.

Respectfully submitted,

By: */s/ David I. Mouton*
_____
David I. Moulton
Texas Bar No. 24051093
Matthew S. Parmet
Texas Bar No. 24069719
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
dmoulton@brucknerburch.com
mparmet@brucknerburch.com

**Attorneys for Plaintiff**